UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| JEFFREY LAMONT TAYLOR,<br><br>           Petitioner,<br><br>    v.<br><br>STU SHERMAN, Warden,<br><br>           Respondent. | Case No. CV 15-05951-CAS (AS)<br><br>**ORDER OF DISMISSAL** |

### I. BACKGROUND

On August 6, 2015, pro se Petitioner, in state custody, filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 ("Petition"). (Docket Entry No. 1). Petitioner challenges his 2002 sentence resulting from his 2001 conviction for possession of a controlled substance (cocaine), in Los Angeles County Superior Court (Case No. BA220938). Petitioner alleges that his 28-years to life sentence under California's Three Strikes Law, based on two "strikes"

1

which were based on the same act and committed at the same time against one victim, violated his rights under the First, Sixth And Fourteenth Amendments. (Petition at 5).[1]

On January 28, 2004, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254. See <u>Jeffrey Lamont Taylor v. A.A. Lamarque</u>, Case No. CV 04-0614-CAS (RC)(Docket Entry No. 1)("prior habeas action"), in which he challenged the same 2001 conviction and 2002 sentence. On March 22, 2005, the Court issued an Order and Judgment denying that habeas petition with prejudice, in accordance with the findings and conclusions of the Magistrate Judge. (<u>Id.</u>; Docket Entry Nos. 37-38). On April 19, 2005, the Court denied Petitioner's request for a certificate of appealability. (<u>Id.</u>; Docket Entry No. 40).

## II. **DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such

---

[1] This is the only intelligible claim alleged in the Petition. Although Petitioner in the Second through Fifth Grounds states "See" the attached exhibits "A" and/or "B," the Court, even liberally construing the Petition, is unable to determine to which documents and/or claims in those exhibits Petitioner is referring.

2

detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.
>
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section. 28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed 2d 827 (1996).

The instant Petition and the prior habeas action both challenge Petitioner's custody pursuant to the same 2002 judgment entered by the Los Angeles County Superior Court. Accordingly, the instant Petition, filed on August 6, 2015, well after the effective date of the AEDPA, is a second or successive habeas petition for purposes of 28 U.S.C. § 2244. Therefore, Petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. See 28 U.S.C. §2244(b)(3)(A). No such authorization has been obtained in this case.

Moreover, the claim asserted in the instant Petition does not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claim is not based on newly discovered facts or a "a new rule of constitutional law,

made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Tyler v. Cain, 533 U.S. 656, 662 (2001). However, this determination must be made by the United States Court of Appeals upon a petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 157 (2007) (where the petitioner did not receive authorization from the Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced."). Because Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. See Burton v. Stewart, supra.

### III. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 20, 2015

                                        _____
                                        CHRISTINA A. SNYDER
                                        UNITED STATES DISTRICT JUDGE